IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 14-39-RGA |
| | ) | |
| PETER W. HAYES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Robert F. Kravetz and Lesley F. Wolf, Assistant United States Attorneys, and the defendant, Peter W. Hayes, by and through his attorney, Eugene J. Maurer, Jr., Esquire, the following Memorandum of Plea Agreement (the "Agreement") is hereby entered into by the respective parties:

1. The defendant shall plead guilty to Count Four of the Indictment, charging him with accepting anything of value intending to be influenced or rewarded in connection with banking transactions, in violation of Title 18, United States Code, Sections 215(a)(2) and 2.

   A. The maximum penalties for Count Four of the Indictment are thirty years' imprisonment; a fine of $1,000,000.00, or three times the value of the thing given, offered, promised, solicited, demanded, accepted, or agreed to be accepted, whichever is greater; a term of supervised release of five years; a $100.00 special assessment; and mandatory restitution.

   B. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, that: (1) the defendant, as an officer and employee of a financial institution, accepted or agreed to accept something of value for his own benefit; (2) the defendant did so, at least in part, knowingly

1

and corruptly, intending to be influenced or rewarded in connection with any business or transaction of the financial institution; and (3) the money or other property so accepted had a value greater than of $1,000.00.

2. In connection with this Agreement, the defendant knowingly and voluntarily admits the specific factual allegations set forth in paragraphs 1-38 of the Indictment. In particular, the defendant knowingly and voluntarily admits the following:

A. During the entirety of the conduct set forth in the Indictment, the defendant acted as the loan officer, or Relationship Manager ("RM"), at Wilmington Trust Co. ("WTC") for Customer A.

B. In or around November 2005, the defendant and his business partner purchased two model homes, or spec homes, from Customer A in the Village at Radish Farm development (the "Radish Farm Spec Homes"). The defendant obtained a mortgage for the Radish Farms Spec Homes, which was secured by the defendant's primary residence.

C. Following the defendant's purchase of the Radish Farm Spec Homes, he entered into a two-year lease-back arrangement, whereby Customer A agreed to pay the defendant and his business partner rent for use of the Radish Farm Spec Homes. From in or around January 2006 through in or around February 2008, the defendant received a monthly check from Customer A, which he used to pay the monthly mortgage on the Radish Farm Spec Homes.

D. In early 2008, the defendant learned that the Radish Farm Spec Homes had decreased in value. In March 2008, the defendant sold the Radish Farm Spec Homes for approximately 14% less than the purchase price, resulting in a shortfall of approximately $70,000.00 that the defendant owed to his mortgage lender.

E. Following the March 2008 sale, the defendant was unable to obtain funding from other sources (1) for a mortgage loan to purchase a new model home from Customer A in a

different housing development, through which the defendant had hoped to roll over the loss from the Radish Farm Spec Homes; or (2) for a loan to repay the balance that the defendant owed on the Radish Farm Spec Homes mortgage.

F. In September 2008, the defendant solicited Customer A for a loan to repay the remaining balance on the Radish Farm Spec Homes mortgage. In or around November 2008, Customer A issued a check from its operating account in the amount of $70,249.20, which was used to satisfy the remaining balance on the Radish Farm Spec Homes mortgage.

G. The defendant engaged in the business transactions on behalf of WTC with Customer A, as set forth in paragraphs 27 through 36, with the intent to influence, or to be rewarded by, Customer A in connection with (1) the lease-back arrangement he had with Customer A regarding the Radish Farm Spec Homes; (2) his solicitation of Customer A to roll the losses from the Radish Farm Spec Homes into the purchase of an additional Customer A model home; and (3) his solicitation and acceptance of a loan from Customer A in the amount of $70,249.20 to satisfy the remaining balance on the Radish Farm Spec Homes Mortgage.

3. Defendant knowingly and voluntarily agrees that his Base Offense Level under the United States Sentencing Guidelines ("U.S.S.G") is Level 8. (U.S.S.G. § 2B4.1(a).) The defendant further agrees that he is subject to an eight-level increase under the U.S.S.G., given that the value of the improper benefit that he received was at least $70,249.20. (U.S.S.G. §§ 2B4.1(b)(1) and 2B1.1((b)(1)(E).) Defendant agrees further that he is subject to a two-level increase under the U.S.S.G. for abusing a position of trust. (U.S.S.G. § 3B1.3.) As a result, the parties believe that defendant's Adjusted Offense Level is Level 18.

4. In connection with this Agreement, the government agrees to dismiss the remaining counts of the Indictment (Counts 1-3 and 5-7) at the time of sentencing.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. At this stage of the proceedings, the defendant should expect the Government to recommend a sentence at the low end of the applicable Guidelines range. At the time of sentencing, the defendant may recommend to the Court any sentence available under the applicable law. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(a). If the defendant's offense level is level 16 or greater, the United States agrees to recommend an additional one-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1(b).

7. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The defendant agrees to cooperate fully and truthfully with the Government as follows:

      a.    The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

      b.    The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment or the Information of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that all information and cooperation provided pursuant to this agreement is on the record as of the date of this plea agreement, including information provided previously off the record.

      c.    The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

      d.    The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

      e.    The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

      f.    The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

      g.    The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

      h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

      i.    The defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced.

j.  The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime about which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

9.  If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

a.  Make the nature and extent of the defendant's cooperation known to the Court.

b.  Make a motion for a downward departure under Sentencing Guideline §5K1.1 only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that as of the date of this agreement, no determination has been made as to the defendant's eligibility for a substantial assistance motion. The defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

c.  Make whatever sentencing recommendation the Government deems appropriate.

10.  The defendant's rights under this agreement shall in no way be dependent upon or

affected by the outcome of any case in which he may testify.

11. The defendant agrees that he is responsible to pay restitution as ordered by the Court. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

  a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than two (2) weeks subsequent to the entry of guilty plea in this case, defendant will submit a completed sworn financial statement ("Financial Statement") to the Government, through defendant's undersigned counsel, in the form the Government provides and as it directs. No later than two (2) weeks prior to the sentencing hearing in this case, the defendant will provide to the Government, through defendant's undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the Government. The defendant promises that the Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely, and truthful.

  b. Should the defendant fail to provide complete, accurate, timely and truthful financial information, as set forth above, the Government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may, in its sole discretion, do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guidelines Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (vi) void this Plea Agreement in its entirety.

12. The defendant agrees to enter into a Consent Order of Removal and Prohibition with the Board of Governors of the Federal Reserve System pursuant to 12 U.S.C. § 1818(e)(7) of the Federal Deposit Insurance Act, as amended. The defendant understands that by virtue of his consent to such an Order, he shall agree not to become or continue serving as an officer, director, employee, or institution-affiliated party, as defined in 12 U.S.C. § 1813(u), or participate in any manner in the conduct of the affairs of any institution or agency specified in 12 U.S.C. § 1818(e)(7)(A), without the prior approval of the appropriate federal financial institution regulatory agency, as defined in 12 U.S.C. § 1818(e)(7)(D).

13. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255. Notwithstanding the forgoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

14. The United States Attorney reserves the right to defend any ruling of the District Court in any proceeding.

15. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and

statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

CHARLES M. OBERLY,
United States Attorney

_____ BY: _____
Eugene J. Maurer, Jr., Esquire          Robert F. Kravetz
Attorney for Defendant                      Lesley F. Wolf
                                                         Assistant United States Attorneys

_____
Peter W. Hayes
Defendant

Dated: November 13, 2014

**AND NOW**, this 13th day of November_____, 2014, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Hon. Richard G. Andrews
United States District Judge

9